JAN P. WEIR, STATE BAR NO. 106652
STEVEN M. HANLE, STATE BAR NO. 168876
JENNIFER A. TRUSSO, STATE BAR NO. 198579
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Fax: (949) 725-4100
E-Mail: jweir@sycr.com

Attorneys for Defendant and Counterclaimant
ORGANIC FOOD BAR, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| PREMIER NUTRITION, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ORGANIC FOOD BAR, INC., a California corporation,<br><br>Defendant.<br>_____<br>ORGANIC FOOD BAR, INC., a California corporation,<br>Counterclaimant,<br>v.<br>PREMIER NUTRITION, INC., a California corporation,<br>Counterclaim-Defendant. | CASE NO. SACV06-827 AG (RNBx)<br><br>Hon. Andrew J. Guilford<br><br>**ORGANIC FOOD BAR, INC.'S OBJECTIONS TO PREMIER NUTRITION'S BILL OF COSTS PURSUANT TO L.R. 54-7.**<br><br>Date:       May 2, 2008<br>Time:      10:00 a.m.<br>Place:     Room 1-053<br>              (Santa Ana Courthouse) |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

OBJECTIONS TO BILL OF COSTS

DOCSOC/1279288v1/100379-0001

Defendant and Counter-claim Plaintiff Organic Food Bar Inc. hereby objects to Premier Nutrition Inc.'s Bill of Costs set forth in its Application to the Clerk to Tax Costs.

The following items on the "Summary of Premier's Proposed Bill of Costs" annexed to the Declaration of Kamran Fattahi are hereby objected to:

**Bill of Cost Item Nos. 4, 5 and 8:** Pursuant to Local Rule 54-4.6, costs are taxable only "in connection with taking oral depositions." L.R. 54-4.6 (emphasis added). Because the depositions relating to Item Nos. 4, 5 and 8 were taken by Organic Food Bar and not Premier Nutrition, Premier Nutrition is not entitled to those costs. Furthermore, Premier Nutrition's inclusion of costs for the deposition of David Sinegal in Item No. 5 was previously paid to Premier Nutrition by Organic Food Bar pursuant to the Court's May 9, 2007 Minute Order granting Fees and Costs relating to the deposition of David Sinegal. See Dkt. No. 55.

Therefore, Premier Nutrition is not entitled to its claimed costs for Item Nos. 4, 5 and 8 and its claimed costs must be reduced by $1372.90.

**Bill of Cost Item Nos. 16-28:** Item Nos. 16-28 represent copying costs. Premier Nutrition, however, has not produced any receipts to show its actual costs for these copies nor a sworn declaration identifying what, if anything, Premier Nutrition actually paid. As there is absolutely no evidentiary basis to support its claim for Item Nos. 16-28, Premier Nutrition has not met its burden of proof and should not recover any of its claimed copying costs of $780.40.

Furthermore, even if Premier Nutrition's undocumented copying were considered, the cost per page for Premier Nutrition's copies is arbitrary, unsubstantiated and unreasonably high. Premier Nutrition claims, without support, costs of $0.20 per page. In contrast, the rate paid by Organic Food Bar for copies in this case was $0.12 per page. See the receipt for Plaza Copying and Imaging

-1-

annexed hereto as Exhibit 1.[1] Thus, if Premier Nutrition were to recover its copying costs, it should not recover more than the amount paid by Organic Food Bar as established in the Exhibit 1 receipt as follows:

**Item No. 16:** The cost for the 564 (141 x 4 sets) copies in Item No. 16 must be reduced by $45.12;

**Item No. 17:** The costs for the 40 (10 x 4 sets) copies in Item No. 17 must be reduced by $3.20;

**Item No. 19:** The costs for the 84 (21 x 4 sets) copies in Item No. 19 must be reduced by $6.72;

**Item No. 20:** The costs for the 208 (52 x 4 sets) copies in Item No. 20 must be reduced by $16.64;

**Item No. 21:** The costs for the 196 (74 x 4 sets) copies in Item No. 21 must be reduced by $23.68;

**Item No. 22:** The costs for the 532 (133 x 4 sets) copies in Item No. 22 must be reduced by $42.56;

**Item No. 23:** The costs for the 8 (2 x 4 sets) copies in Item No. 23 must be reduced by $0.64;

**Item No. 24:** The costs for the 48 (12 x 4 sets) copies in Item No. 24 must be reduced by $3.84;

**Item No. 25:** The costs for the 1360 (340 x 4 sets) copies in Item No. 25 must be reduced by $108.80;

**Item No. 26:** The costs for the 228 (57 x 4 sets) copies in Item No. 26 must be reduced by $18.24;

**Item No. 27:** The costs for the 60 (15 x 4 sets) copies in Item No. 27 must be reduced by $4.80;

---

[1] The Plaza Copy & Imaging receipt shows 618 copies for a total of $74.16, which is $0.12 per copy. The undersigned hereby declares under penalty of perjury that Exhibit 1 is a true and correct copy of a Plaza Copy & Imaging receipt for copy services used by Organic Food Bar in this action.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

EX PARTE APPLICATION TO FILE DOCUMENT UNDER SEAL
DOCSOC/1279288v1/100379-0001

**Item No. 28:** The costs for the 24 (6 x 4 sets) copies in Item No. 28 must be reduced by $1.92.

Therefore, Premier Nutrition should not recover for Item Nos. 16-28 or, at a minimum, Premier Nutrition's recovery should be reduced by $276.16 as $0.12 per page is the only established copying cost in this case.

## CONCLUSION

For the foregoing reasons, Premier Nutrition should recover no more than $3,327.10.[2]

DATED: April 25, 2008     STRADLING YOCCA CARLSON & RAUTH

By: /s/ _____
Jan Weir
Attorneys for Plaintiff B-K Lighting, Inc.

---

[2] If Premier Nutrition's unsubstantiated copying claims were permitted, then it should still recover no more than $3,831.34.

-3-

# EXHIBIT 1

# PLAZA COPY & IMAGING

Mail Payments to:
Finance Department
1701 S. Mays, Suite J-198
Round Rock, TX 78664
877/876-7706
Tax ID 57-1137877

611 Anton Blvd. Suite 130
Costa Mesa, CA 92626
714/556-2679 Costa Mesa

5 Park Plaza Suite 180
Irvine, CA 92614
949/955-2679

# INVOICE

| DATE | INVOICE # |
|---|---|
| 9/25/2007 | X239372 |

BILL TO:

Stradling, Yocca, Carlson & Rauth
660 Newport Center Drive
Suite 1600
Newport Beach, CA   92660

RECEIVED

SEP 25 2007

Stradling Yocca Carlson & Rauth

| Rep | Terms | CLIENT'S REF. NO. | CLIENT CONTACT |
|---|---|---|---|
| RK | Net 30 | OFB. | |

| DESCRIPTION | QTY | AMOUNT |
|---|---|---|
| ***** 3 SETS *****<br><br>Collate copies as originals<br>Litigation Copies | 618 | 74.16T |

Received By:_____   Total

TERMS: This invoice is due and payable within 30 days of the invoice date and considered past due after 30 days. 18% per annum or minimum of $10 will be charged on all overdue accounts. Your signature above is an agreement that the above described work has been authorized and received. In any action, proceeding or arbitration arising from the collection of monies due relative to this invoice, Plaza Copy & Imaging shall be entitled to reasonable attorney's fees and costs incurred.

**REDACTED**

EXH __ PAGE __

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss
COUNTY OF ORANGE         )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Stradling Yocca Carlson & Rauth, 660 Newport Center Drive, Suite 1600, Newport Beach, CA 92660-6422.

On **April 25, 2008**, I served the within documents:

### ORGANIC FOOD BAR, INC.'S OBJECTIONS TO PREMIER NUTRITION'S BILL OF COSTS PURSUANT TO L.R. 54-7

[ √ ]   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Newport Beach, California addressed as set forth below.

[ √ ]   by electronic mail in pdf format addressed as set forth below.

Kamran Fattahi, Esq.
LAW OFFICES OF KAMRAN FATTAHI
15303 Ventura Boulevard, Suite 1400
Sherman Oaks, California 91403
(818) 205-0140   FAX (818) 205-0145
E-mail: kamran@fattahilaw.com
Attorneys for **Premier Nutrition, Inc.**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 25, 2008**, at Newport Beach, California.

_____
Bethany A. Miles