Kamran Fattahi (150,343)
LAW OFFICES OF KAMRAN FATTAHI
15303 Ventura Boulevard, Suite 1400
Sherman Oaks, California 91403
Tel: (818) 205-0140
Fax: (818) 205-0145
E-mail: Kamran@FattahiLaw.com

Attorneys for Plaintiff / Counterclaim Defendant
Premier Nutrition, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMIER NUTRITION, INC., <br><br> Plaintiff, <br><br> v. <br><br> ORGANIC FOOD BAR, INC., <br><br> Defendant. <br><br> And Related Counterclaim by Organic Food Bar, Inc. Against Premier Nutrition, Inc. | Civil Case No. SACV 06-0827 AG (RNBx) <br><br> **PREMIER NUTRITION, INC.'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PREMIER'S BILL OF COSTS** <br><br> Date: May 2, 2008 <br> Time: 10:00 a.m. <br> Place: Room 1-053 (Santa Ana Courthouse) |

In response to the OFB's objections to Premier's Bill of Costs, Premier states as follows:

### Bill of Costs Items 4, 5 and 8 for Deposition Transcripts Should Be Allowed

OFB's novel theory that deposition transcript costs are recoverable only by the party <u>taking</u> the deposition lacks merit. OFB does not provide any authority to support its argument that the word "taking" as used in Local Rule 54-4.6 only refers to the costs of transcripts of depositions noticed and taken by a party. The word "taking" in the preamble portion of Local Rule 54-4.6 is used in a general sense as in "conducting" a deposition. OFB's argument ignores the fact that even the party defending or attending a deposition has a legitimate need for a transcript of the deposition, and it does not make any sense to only allow the party noticing

1  the deposition to recover its costs. Moreover, the remainder of the language in
2  Local Rule 54-4.6 shows that the costs of deposition transcripts should be allowed
3  regardless of the position of the party claiming the costs in the lawsuit.
4  Specifically, Local Rule 54-4.6(a) allows the following costs: "The cost of the
5  original and one copy of the transcription of the oral portion of all depositions
6  used for any purpose in connection with the case ..." This broad language totally
7  refutes OFB's argument, and supports Premier's position that Bill of Cost Items 4,
8  5 and 8 should be allowed.

9  In regard to Item 5 ($144.60 for the cost of transcript of deposition of non-
10 party witness David Sinegal), OFB claims that this item should be disallowed
11 because OFB has previously paid Premier pursuant to the Court's sanctions order
12 of May 9, 2007. OFB is wrong. A review of **Exhibits 3 and 4 attached hereto**
13 shows that this specific cost item was not part of the sanctions order issued by the
14 Court. Specifically, ¶ 21(ii) of the May 8, 2007 Fattahi Declaration (Exhibit 3) and
15 ¶ 7.d of the Court's May 9, 2007 Minute Order (Exhibit 4) show that the cost of
16 the transcript of deposition of David Sinegal was not part of the costs that Premier
17 had sought or the Court previously had ordered to be paid by OFB. Therefore, Bill
18 of Cost Item 5 should be allowed.

## Bill of Costs Items 16-28 For Copying Costs Should be Allowed

21 OFB initially argues that Premier's copying costs should be disallowed,
22 because there are no receipts or a sworn declaration to identify what Premier paid
23 for them. This argument is without basis. Items 16-28 are for costs of *in-house*
24 copies of exhibits to pleadings that were filed and served by Premier in this action.
25 Premier has offered detailed description for each of these items in Exhibit 2 of the
26 Fattahi Declaration that was submitted with Premier's Application to Tax Costs.
27 Each item is identified by the date when the pleading was filed, the title of the
28 pleading, and the number of pages that were attached as exhibits to that pleading.

1  In addition, contrary to OFB's assertion, the "Bill of Costs" submitted by Premier includes a signed declaration by Premier's counsel "that the foregoing costs are correct and were necessarily incurred in this action." The Fattahi Declaration simply provides further detail for the items in the "Bill of Costs" and the declaration signed by Premier's counsel equally applies to items 16-18. In case of any doubt, Premier's undersigned counsel hereby declares under penalty of perjury that the costs in items 16-28 are correct and were necessarily incurred by Premier.

OFB's also argues that instead of $0.20 per page, these copying costs should be calculated at $0.12 per page. As stated above, items 16-28 reflect *in-house* copying by Premier's attorneys for the exhibits that were attached to pleadings in this case. The charge of $0.20 per page is reasonable for in-house copying, and it would not make any sense for Premier's attorneys to have to use outside copying services every time exhibits were needed to be copied and filed with pleadings. While OFB has submitted an invoice from its outside copying service showing a rate of $0.12 per page, OFB's counsel does not state the rate his firm charged OFB for in-house copies, possibly because their in-house copying rate would not support OFB's position.

Premier's copying costs should be allowed, and should be calculated at the rate of $0.20 per page which was reasonably and necessarily incurred by Premier.

**Conclusion**

In view of the foregoing, Premier's Bill of Costs should be allowed in its entirety.

Dated: April 29, 2008

_Kamran Fattahi_

Kamran Fattahi
LAW OFFICES OF KAMRAN FATTAHI
Attorneys for Plaintiff / Counterclaim Defendant,
Premier Nutrition, Inc.

Ex. 3

Kamran Fattahi (150,343)
LAW OFFICES OF KAMRAN FATTAHI
15303 Ventura Boulevard, Suite 1400
Sherman Oaks, California 91403
Tel: (818) 205-0140
Fax: (818) 205-0145
E-mail: Kamran@FattahiLaw.com

FILED
2007 MAY -8  PM 2: 53

Attorneys for Plaintiff / Counterclaim Defendant
Premier Nutrition, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMIER NUTRITION, INC., <br><br> Plaintiff, <br><br> v. <br><br> ORGANIC FOOD BAR, INC., <br><br> Defendant. <br><br> And Related Counterclaim by Organic Food Bar, Inc. Against Premier Nutrition, Inc. | Civil Case No. SACV 06-0827 AG (RNBx) <br><br> DECLARATION OF **KAMRAN FATTAHI** IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AGAINST DEFENDANT AND DEFENDANT'S COUNSEL RE DEPOSITION OF DAVID SINEGAL; AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS RE SAME <br><br> DISCOVERY MATTER <br> Date: May 29, 2007 <br> Time: 9:30 a.m. <br> Place: Courtroom 6D (Santa Ana Courthouse) <br> Hon. Robert N. Block <br><br> Discovery Cutoff: November 9, 2007 <br> Pretrial Conference: January 28, 2008 <br> Trial: February 12, 2008 |

I hereby declare and represent the following:

1. My name is Kamran Fattahi, and am an attorney at the Law Offices of Kamran Fattahi. My law firm and I are counsel of record in this civil action for Premier Nutrition, Inc. ("Premier" or "Premier Nutrition").

2. I am submitting this Declaration in connection with the above-identified lawsuit between Premier and Organic Food Bar, Inc. ("OFB"), and in support of Premier's Motion for Attorney's Fees and Costs Against OFB and OFB's Counsel in relation to the deposition of David Sinegal, and in opposition to

Decl. of K. Fattahi Re Motion Re Sinegal Depo.
Premier v. OFB; SACV 06-0827 AG (RNBx)

(4)

OFB's Motion for Sanctions Re Same.

3. This Declaration is made on my personal knowledge and if called upon to do so, I could and would give competent testimony to the matters stated herein.

4. Attached hereto as **Exhibit 1** is a true copy of the Court's "Scheduling Order Specifying Procedures," dated December 11, 2006 and entered in this action.

5. Attached as **Exhibit 2** is a true copy of the Court's "Order Denying Defendant Organic Food Bar, Inc.'s Motion for Preliminary Injunction," dated February 12, 2007 and entered in this action.

6. Attached as **Exhibit 3** is a true copy of the Court's "Civil Minutes" "Order Granting Defendant's Motion for Additional Discovery Under Rule 56(f) and Continuing Plaintiff Premier Nutrition, Inc.'s Motion for Summary," dated February 12, 2007 and entered in this action.

7. David Sinegal is the President of Orivo, LLC, an independent broker who has marketed the Premier Organic Raw Food Bar (the product that is the subject of this lawsuit) to a customer. Mr. Sinegal is not an employee, shareholder, or officer of Premier; he is a non-party to this lawsuit; and is not represented by Premier's counsel in this action. Mr. Sinegal submitted a declaration in this action in connection with Premier's Motion for Summary Judgment and OFB's Motion for Preliminary Injunction, which is presumably why OFB decided to subpoena him for deposition and document production.

8. Attached as **Exhibit 4** is a true copy of OFB's "Notice of Depositions of Chris Geist, Lance Rankin, Jessica Tree, Bob Gilbert, **David Sinegal** and Greg Frye," which included a "Subpoena" that was directed to David Sinegal, requiring his appearance for deposition on March 16, 2007 in Seattle, Washington, where Mr. Sinegal resides and works. Both the "Notice of Deposition" and the "Subpoena" were signed and dated by OFB's counsel on February 9, 2007.



- 2 -

Decl. of K. Fattahi Re Motion Re Sinegal Depo
Premier v. OFB; SACV 06-0827 AG (RNBx)

9.    In an e-mail dated March 7, 2007 from Jennifer Trusso (OFB's counsel) (a true copy of which is attached hereto as **Exhibit 5**), I was informed that OFB was going to reschedule Mr. Sinegal's deposition to March 22, 2007.

10.    In e-mail exchanges that occurred on March 19, 2007 (see a true copy thereof attached hereto as **Exhibit 6**), I again asked Ms. Trusso to confirm whether OFB would be proceeding with the deposition of David Sinegal on Thursday March 22, 2007 in Seattle, as I had not received a new subpoena or amended notice of deposition from OFB's counsel for the new date. Mr. Trusso replied by e-mail on March 19, 2007, and stated that OFB would be going forward with Mr. Sinegal's deposition on Thursday March 22, 2007.

11.    On March 20, 2007, OFB's counsel e-mailed and I received an "Amended Notice of Deposition of David Sinegal" (a true copy of which is attached hereto as **Exhibit 7**), which noticed his deposition for March 22, 2007 in Seattle. The "Amended Notice of Deposition of David Sinegal" had attached thereto a <u>**new second**</u> "Subpoena" directed to Mr. Sinegal, requiring his appearance for deposition on March 22, 2007 at 10:00 a.m. in Seattle, Washington. Both the "Amended Notice of Deposition" and the attached new second "Subpoena" were signed and dated March 20, 2007 by OFB's counsel. The last paragraph of the "Amended Notice of Deposition of David Sinegal" included the following explicit representation:

> **"The deponent is not a party to this action. Said deponent has been served with a deposition subpoena. A copy of the deposition subpoena is attached hereto and served herewith."**

As will be shown below, I later learned that the above-quoted representation by OFB was <u>untrue</u>, because OFB did not serve Mr. Sinegal with the second Subpoena dated March 20, 2007 that was attached to the "Amended Notice" and noticed his deposition for March 22, 2007.



- 3 -

Decl. of K. Fattahi Re Motion Re Sinegal Depo.
Premier v. OFB; SACV 06-0827 AG (RNBx)

12. Given the flight time involved between Los Angeles and Seattle, and given that Mr. Sinegal's deposition was noticed to start in the morning, it was necessary for me to travel to Seattle on March 21, 2007, the day prior to the deposition. I departed from Los Angeles to Seattle on March 21, 2007, and my flight arrived in Seattle that same day.

13. I briefly met with Mr. Sinegal at his office in Seattle the morning of March 22, 2007, prior to the time noticed for his deposition. It was during that meeting when I first learned from Mr. Sinegal that he could not and would not attend his deposition on that day. He indicated to me that OFB's attorneys had never confirmed that March 22nd would be the new date for his deposition. When I explained to Mr. Sinegal that OFB had sent me the "Amended Notice of Deposition of David Sinegal" which had the new second Subpoena attached thereto, Mr. Sinegal stated that he had not been served with the second Subpoena that set his deposition for March 22, 2007. Mr. Sinegal also indicated to me that he wanted to be represented by his own attorney at the deposition, but given that he was not served with the new Subpoena requiring his presence on March 22nd and that a new date had not been confirmed with him by OFB's attorneys, without advance notice, his own attorney was not available that day.

14. During my meeting with Mr. Sinegal on March 22nd, nor at any other time, I did not suggest to Mr. Sinegal not to attend his deposition that day. To the contrary, when I learned that Mr. Sinegal would not appear for his deposition, I encouraged him to attend anyways, but he declined (for the reasons he indicated).

15. After my meeting with Mr. Sinegal, I appeared on-time at the location indicated for Mr. Sinegal's deposition in the morning of March 22nd, and informed Ms. Trusso (who also appeared there) of Mr. Sinegal's decision that he would not be appearing at his deposition and of his stated reasons therefor, which were announced to me earlier that morning.

16. Per Ms. Trusso's request, we waited until approximately 10:25 a.m. at the court reporter's office where the deposition was noticed to occur, but the witness did not appear and a record of the non-appearance was taken.

17. As soon as the deposition session was over, I drove to the Seattle airport and took the first available flight out of Seattle to Los Angeles on March 22, 2007.

18. During the time on March 22, 2007 while we were at the court reporter's office in Seattle, Ms. Trusso failed to confirm to me that the second Subpoena (see Ex. 7) had been served on Mr. Sinegal, and to this date, OFB's counsel has not provided me with a "Proof of Service" for the new second Subpoena that was signed on March 20, 2007 and noticed Mr. Sinegal's deposition for March 22, 2007. In fact, during our second pre-filing conference on April 23rd, Ms. Trusso admitted that the second Subpoena was never served on Mr. Sinegal, but she characterized her failure to serve the second Subpoena on the witness as an "inadvertent error" - this despite the fact that the "Amended Notice of Deposition" specifically represented and stated that the second Subpoena (i.e., the one that was attached thereto) had been served on the witness. To this date, OFB has also not provided me with any document between its attorneys and Mr. Sinegal that would show that OFB's attorneys had confirmed with Mr. Sinegal <u>in writing</u> that March 22nd would be the new date for his deposition.

19. During the time I appeared for the March 22nd deposition of Mr. Sinegal, I engaged in good faith in a "meet and confer" discussion with Ms. Trusso. As I stated to Ms. Trusso, I traveled to Seattle in reliance on OFB's representation that the March 22nd deposition would go forward, including the "Amended Notice of Deposition of David Sinegal," in which OFB's attorney explicitly represented that the second Subpoena had been served on Mr. Sinegal. As I also stated to Ms. Trusso, because OFB had not served Mr. Sinegal with the second Subpoena (contrary to the representations made in OFB's "Amended

Notice of Deposition of David Sinegal"), and because the witness did not appear as a result, OFB and/or its counsel should pay for the attorney's fees and costs that Premier unnecessarily incurred to attend the deposition. However, Ms. Trusso refused, and took the position that OFB or its attorneys were not responsible or at fault for Mr. Sinegal's non-appearance. On April 23, 2007, I had another pre-filing conference with Ms. Trusso, but she again refused to agree to pay for Premier's attorney's fees and costs, and she again pointed the finger of blame at me and the witness.

20. I have repeatedly explained to Mr. Trusso that Mr. Sinegal's decision not to appear for his deposition was solely his own - a decision which was a result of OFB's counsel's failure to serve the second Subpoena on the witness. OFB's attorneys also failed to confirm with the witness the new deposition date. However, Ms. Trusso just does not want to accept any responsibility for her own failures. Instead, in our pre-filing conferences, she has continued to level reckless, baseless, unsupported, and speculative accusations against me in a desperate attempt at covering up for her own failure to follow the rules of discovery and to point the finger of blame at someone else. Ms. Trusso's baseless accusations and attacks on me in regard to Mr. Sinegal's deposition are totally irresponsible, uncalled for, and are completely out of line.

21. The total of the attorney's fees and costs that Premier has incurred thus far in connection with Premier's Motion Re Sinegal Deposition and in connection with opposing OFB's Motion Re Sinegal Deposition is in the amount of **$13,490.57**, and the breakdown is as follows:

(I) $4,800.00 in attorney's fees at $300/hour incurred related to traveling to and returning from Seattle, and appearance for the deposition of Mr. Sinegal (6.5 hours on March 21, 2007 in travel related time from Los Angeles to Seattle; 9.5 hours on March 22, 2007 in time appearing for the deposition and in travel related time from Seattle to Los Angeles;



- 6 -

Decl. of K. Fattahi Re Motion Re Sinegal Depo.
Premier v. OFB; SACV 06-0827 AG (RNBx)

      (ii) $1,040.57 in costs incurred related to the Seattle trip ($561.80 for coach-class airfare; $307.87 for one night hotel in Seattle; $170.90 for rental car in Seattle and parking charges);

      (iii) $5,100.00 in attorney's fees and costs incurred in preparing and filing Premier's Motion for Attorney's Fees and Costs against OFB Re Deposition of David Sinegal (17 hours @ $300/hour); and

      (iv) $2,550 in attorney's fees and costs incurred in preparing Premier's opposition to OFB's Motion for Sanctions against Premier and Its Counsel (8.5 hours @ $300/hour).

22. After receiving the "Amended Notice of Deposition of David Sinegal" and its attached new Subpoena from Ms. Trusso's firm on March 20, 2007, I sent an e-mail on the same date to Ms. Trusso, asking if she would be open to start Mr. Sinegal's deposition at 9:00 a.m. (instead of the noticed 10:00 a.m. start) so that we would have a better chance to catch a return flight to Los Angeles the same day after the deposition. Ms. Trusso responded by e-mail the next day on March 21st, and stated that she would start the deposition at 9:30 a.m. A true and correct copy of my e-mail exchanges on March 20 and 21, 2007 with Ms. Trusso in that regard is attached hereto as **Exhibit 8**. In my e-mail, I stated: "The witness will also be available to start at 9 am." Prior to appearing for Mr. Sinegal's deposition, Ms. Trusso or anyone from her firm did not notify me that contrary to the statement in the "Amended Notice of Deposition of David Sinegal," the second subpoena had not been served on Mr. Sinegal.

23. My request for a change to the start time of Mr. Sinegal's deposition was based on my understanding and assumption that Mr. Sinegal had been served with the second Subpoena - just as was represented in OFB's "Amended Notice of Deposition of David Sinegal," a representation which later turned out to be false. In making the request for a change in the start time of Mr. Sinegal's deposition, I



- 7 -

did not make any statements to relieve OFB of its obligation to serve the non-party, independent witness with Subpoena, or make any statements to indicate that I would accept service on behalf of the witness, nor could I, as I did not represent Mr. Sinegal. My statement that the witness would be "available" did not mean that he would appear regardless of whether or not OFB had complied with its obligations to serve the new subpoena on the third-party witness, or to confirm the new deposition date directly with the witness. OFB's attorneys were solely responsible for service of subpoenas on Mr. Sinegal and communicating with him directly regarding the scheduling of his deposition. It was OFB's attorneys who failed to serve the second Subpoena on Mr. Sinegal, and failed to confirm with him that his deposition would take place on March 22nd.

24. Attached hereto as **Exhibit 9** is a true and correct copy of the transcript of the "Statement Re: Deposition of David Sinegal"), which was taken on March 22, 2007 in Seattle, Washington.

25. On April 13, 2007 at 2:42 pm, I e-mailed the initial draft of the Joint Stipulation and my declaration and exhibits for Premier's "Motion for Fees/Costs Re Sinegal Depo." to counsel for OFB. As a reaction to Premier's Motion, some 45 minutes later at 3:26 pm, OFB's counsel, Ms. Trusso, sent an e-mail containing a "meet and confer" letter regarding OFB's contemplated motion for sanctions relating to Mr. Sinegal's deposition. True and correct copies of both of those e-mails are attached hereto as **Exhibit 10**.

26. On April 26, 2007, Ms. Trusso e-mailed me OFB's "Notice of Motion" and draft "Joint Stipulation" regarding OFB's Motion for Sanctions Against Premier and Its Counsel. OFB's portion of that "Joint Stipulation" referred to three declarations by OFB's attorneys (Trusso, Hanle, and Heyninck), each of which appeared to have exhibits, but those declarations and their exhibits were not attached to Ms. Trusso's e-mail. The next day I sent two e-mails to Ms. Trusso with a specific request that she provide me with the three declarations and

- 8 -

Decl. of K. Fattahi Re Motion Re Sinegal Depo.
Premier v. OFB; SACV 06-0827 AG (RNBx)

their exhibits, but she refused to do so, and argued that under Local Rule 37-2.2, she was not obligated to provide me with OFB's supporting declarations and exhibits during the drafting stage of the Joint Stipulation. A true and correct copy of my e-mail exchanges on April 26 and 27, 2007 with Ms. Trusso in that regard is attached hereto as **Exhibit 11**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct. Executed in Sherman Oaks, California.

Dated: May 8, 2007

*/s/ Kamran Fattahi*

Kamran Fattahi

Ex. 4

DOCKETED ON CM
MAY 10 2007
BY_____024

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PSend

CIVIL MINUTES--GENERAL

Case No. SACV 06-0827-AG (RNBx)                 Date: **May 9, 2007**

Title: **Premier Nutrition, Inc. v. Organic Food Bar, Inc.**

**DOCKET ENTRY**

PRESENT:

HON. **ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE**

Irina DeBose                          n/a
Deputy Clerk                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:
None present                            None present

**PROCEEDINGS:** (IN CHAMBERS)

### Plaintiff's Motion for Attorney's Fees and Costs
and
### Defendant's Motion for Sanctions

Based on its review of the two Joint Stipulations, and the accompanying declarations filed by both sides, the Court has concluded that neither further briefing nor oral argument will be of material assistance to the Court's determination of these motions. Rather, further briefing and oral argument will only result in the needless expenditure of additional attorney time. Accordingly, the hearings currently noticed for May 29, 2007 are ORDERED off calendar (see Local Rule 7-15), and the Court now rules as follows.

    1.    In the face of Mr. Sinegal's sworn statement that, subsequent to his March 2, 2007 e-mail to OFB's counsel in which he requested that the new date and time for his deposition be verified, he did not ever receive any confirmation for the March 22nd date (either by voice mail or in writing), the Court is unable to attach any significance to Ms. Heyninck's sworn statement that (on some unspecified date and time) she left Mr. Sinegal a voice message confirming the March 22nd date and time. Given that Ms. Heyninck had confirmed by e-mail her prior voice message to Mr. Sinegal, it would have been prudent on her part to have done so this time as well.

    2.    A reasonable inference to be drawn from Mr. Fattahi's

MINUTES FORM 11         (13)         Initials of Deputy Clerk____55
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 06-0827-AG (RNBx)　　　　　　　　　　May 9, 2007
**Premier Nutrition, Inc. v. Organic Food Bar, Inc.**　　　　　　Page 2

representation, after he received the revised deposition notice by e-mail on March 20, 2007, that the witness would also be available to start at 9 a.m., if the deposition could be commenced at that time, is that Mr. Fattahi had spoken to Mr. Sinegal about the March 22nd deposition date. However, the fact that Mr. Fattahi had spoken to Mr. Sinegal about the March 22nd deposition date did not constitute an undertaking by Mr. Fattahi to produce Mr. Sinegal for the deposition. Nor did it excuse OFB's counsel from complying with Mr. Sinegal's earlier request that they confirm the new date and time, or from documenting Mr. Sinegal's receipt of that confirmation. Nor did it excuse OFB's counsel's failure to serve Mr. Sinegal with the new deposition subpoena, as they falsely represented they had done in the revised deposition notice.

　　　　3. It is not "obvious" to the Court that Mr. Fattahi instructed Mr. Sinegal to not appear for his deposition, as OFB has alleged. For the Court to so find, the Court would have to find that both Mr. Fattahi and Mr. Sinegal perjured themselves in their sworn declarations. The Court is not prepared to make such a finding based merely on OFB's supposition and conjecture.

　　　　4. The Court has reviewed the <u>Glenshaw Glass Co.</u> case on which OFB is relying, and does not find the 1991 decision by a W.D. Pa. Bankruptcy Judge at all persuasive on the issue of whether, under the circumstances presented here, it was incumbent on OFB's counsel to serve the new deposition subpoena on Mr. Sinegal. OFB did issue a revised deposition notice in the instant case for the rescheduled deposition date, and OFB affirmatively represented therein (albeit falsely) that it had served the attached new deposition subpoena on Mr. Sinegal. Moreover, Mr. Sinegal was not an officer of Premier at the time his deposition originally was noticed, and Mr. Fattahi never undertook the responsibility of producing Mr. Sinegal for his deposition. Also militating against OFB's position is the consideration that the only sanction available against a non-party for disobedience of a subpoena is being held in contempt, and no court would hold Mr. Sinegal in contempt in the face of his explanation for

MINUTES FORM 11　　　　　　　　　　　　Initials of Deputy Clerk_____
CIVIL-GEN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**



CIVIL MINUTES--GENERAL

Case No : SACV 06-0827-AG (RNBx)  May 9, 2007
**Premier Nutrition, Inc. v. Organic Food Bar, Inc.**  Page 3

---

why he did not appear for the deposition on March 22nd.

5  The Court notes that OFB's sanctions motion is grounded in the first instance on Fed. R. Civ. P. 32(b)(2). However, the Court could not grant OFB sanctions pursuant to Fed. R. Civ. P. 32(b)(2) here in any event, because that provision only applies where "a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery." Mr. Sinegal was not "a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party." Moreover, his failure to appear for his deposition did not constitute the failure to obey a prior Court order to provide or permit discovery.

6.  OFB also is not entitled to sanctions pursuant to the Court's "inherent power" based on Mr. Fattahi's alleged violation of Rule 5-310(b) of the California State Bar Rules of Professional Conduct, because OFB has failed to convince the Court that there was any violation of that rule in this instance.

7.  For the foregoing reasons, OFB's Motion for Sanctions is DENIED, and Premier's Motion for Attorney's Fees and Costs is GRANTED in part as follows.

  a.  The Court declines to award attorney's fees for Mr. Fattahi's travel time, because the Court is not convinced that Mr. Fattahi could not have productively utilized that time for work on this case or other of his cases.

  b.  The Court also declines to award attorney fees for the time Mr. Fattahi expended on March 22, 2007 in meeting with Mr. Sinegal.

  c.  The Court will award $225 in attorney fees for the .75 hours of time Mr. Fattahi expended in connection with his appearance for the deposition.

  d.  The Court will also award the $1,040.57 in costs incurred by Mr. Fattahi related to the Seattle trip.



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.: SACV 06-0827-AG (RNBx)   May 9, 2007
<u>Premier Nutrition, Inc. v. Organic Food Bar, Inc.</u>  Page 4

---

  e. The Court declines to award attorney's fees for the time expended by Mr. Fattahi in making Premier's Motion, because assuming the relevant standard is the same as set forth in Fed. R. Civ. P. 37(a)(4), the Court finds that OFB's refusal to voluntarily pay all of the attorney's fees and costs that Mr. Fattahi was claiming he incurred in connection with the Seattle trip was substantially justified.

  f. The Court will award $2,550 in attorney fees for the 8.5 hours of time Mr. Fattahi expended in preparing Premier's opposition to OFB's Motion for Sanctions. As discussed above, that Motion was grounded in the first instance on a Rule of Civil Procedure that OFB's counsel should have known had absolutely no applicability here. In the Court's view, OFB's Motion was unnecessary and frivolous.

 8. It is therefore ORDERED that OFB pay Premier attorney's fees and costs in the sum of <u>$3,815.57</u>, within 10 days of this ruling.


cc:    Judge Guilford


MINUTES FORM 11
CIVIL-GEN

(16)

Initials of Deputy Clerk _____

# CERTIFICATE OF SERVICE

As attorney of record for Plaintiff / Counterclaim Defendant, I hereby certify that I caused the document(s) listed below to be served on the date indicated below on all parties to this action via the delivery method indicated and addressed to:

<u>Via E-Mail and U.S. First Class Mail, Postage Prepaid</u>

Jan P. Weir / Steven M. Hanle / Jennifer Trusso / Peter L. Wucetich
Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Tel: (949) 725-4000
Fax: (949) 725-4100

Document(s) Served:

1. PREMIER NUTRITION, INC.'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PREMIER'S BILL OF COSTS

Dated: April 29, 2008                    *Kamran Fattahi*

Kamran Fattahi
LAW OFFICES OF KAMRAN FATTAHI
Attorneys for Plaintiff / Counterclaim Defendant,
Premier Nutrition, Inc